UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LISA R. YANCEY,
        Plaintiff,

    v.                                        Case No. 08C0644

PAMELA PEPPER, et al.
        Defendants.

**DECISION AND ORDER**

      Plaintiff Lisa R. Yancey, proceeding pro se, has filed this action against several defendants: Judge Pamela Pepper, Judge Charles Clevert, law firm Gray & End Associates, Quantum Service Company, Washington Mutual, Elsa C. Lamelas, and Charles Kahn Jr. Plaintiff was a debtor in a bankruptcy case, and her claims arise from that proceeding. Specifically, plaintiff alleges that Judges Pepper and Clevert illegally entered orders confirming a sale of her home in violation of the automatic stay, and that "the other defendants did the same thing as Judge Pepper and Judge Clevert by violating the U.S. Bankruptcy rule/code and the Automatic Stay." (Compl. at 5.) She also alleges that some of the defendants deceived her into thinking they would stop the sale of her home. For relief, plaintiff requests that I overturn the orders confirming the sale of her home, and she also seeks compensation for mortgage payments or penalties and money judgments owed to her creditors. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Neitzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. U.S. Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply because plaintiff is not incarcerated. See West v. Macht, 986 F.Supp. 1141 (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit in its totality, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff indicates that she has approximately $25.00 in a checking account, and that she has a medical condition preventing her from working and earning income.[1] Thus, I will permit plaintiff to proceed without payment of fees.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must

---

[1] Plaintiff states that she owns a home worth $240,000, but also states she is living in a shelter. Perhaps the home she refers to is the one referenced in her complaint as the home that was sold, but, regardless, given her lack of monetary assets, income, and ability to work, I conclude that she is unable to prepay the filing fee.

2

dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

Plaintiff alleges that defendants violated her rights under Chapter 13 of the bankruptcy code and the automatic stay by allowing a sale of her home, conducted just after she filed for bankruptcy protection, to stand. This appears to be a frivolous attempt to relitigate the decision in her bankruptcy case, made by Judge Pepper and affirmed by Judge Clevert, confirming the sale despite the fact that it occurred after the automatic stay was triggered. However, any objections to the sale of her home and the decisions confirming that sale could and should have been addressed through an appeal, and thus

3

plaintiff has failed to state a cognizable federal claim. To the extent the facts alleged in the complaint suggest some claim for fraud against some of the defendants (which defendants plaintiff does not specify), these claims arise under state law. As plaintiff's complaint indicates that she and at least five of the defendants are citizens of Wisconsin, there is an absence of diversity of citizenship. Because plaintiff has failed to state a cognizable claim arising under federal law, <u>see</u> 28 U.S.C. § 1331, or allege facts establishing diversity jurisdiction, <u>see</u> 28 U.S.C. § 1332, I must dismiss this action for lack of subject matter jurisdiction.

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin this 25 day of August, 2008.

/s  
LYNN ADELMAN  
District Judge